No. 440 May 20, 2026 753

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUAN JOSE MEDRANO,
*Defendant-Appellant.*

Washington County Circuit Court
22CR13127; A185254

Andrew Erwin, Judge.

Submitted April 15, 2026.

Jordan Duhe Willets and Lindsey Burrows filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this criminal appeal, defendant appeals a judgment of conviction for second-degree assault resulting from an altercation in a bar where he struck the victim with his forearm causing the victim to fall and fracture his skull. ORS 163.175. Defendant was sentenced to the statutory minimum of 70 months. ORS 137.700 (2)(a)(H). Defendant first assigns error to the trial court's decision to deny his motion for a continuance. Second, defendant contends that a 70-month sentence is unconstitutional as applied to defendant under Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. We affirm.

*Motion for Continuance.* Defendant argues that the trial court violated his constitutional right to representation by counsel of his choice when it denied his motion for a continuance. Defendant testified that he intended to replace his public defender with private counsel, but the attorney he intended to retain would not accept representation unless defendant could get a continuance. Although over two years had passed between defendant's arraignment and the last hearing on his motion for a continuance, defendant contends that the delay in trial, and his delay retaining counsel, were due to circumstances beyond his control. Specifically, defendant argues that the multiple motions for a continuance that his trial counsel filed were because his counsel "was not ready to proceed to trial," and defendant "did not previously have the funds to hire counsel, and he retained counsel as soon as he had the ability to do so."

The state responds that defendant "does not contend on appeal that the trial court erred by denying a request for appointment of substitute counsel or by denying a motion to withdraw by his counsel." The state points out that "defendant's court-appointed counsel represented to the trial court that he was ready to proceed to trial on the date scheduled," and "defendant did not and does not dispute that that representation was accurate." Defendant was not in custody for most of the two years preceding his last motion for a continuance, and although defendant claimed there was "effectively, a breakdown of the attorney/client relationship" with

his appointed counsel, he "did not make efforts to find and retain private counsel until shortly before the scheduled trial date."

"We review the denial of a continuance for abuse of discretion." *State v. Ferraro*, 264 Or App 271, 280, 331 P3d 1086 (2014). "Whether a denial of a continuance is improper depends on the particular circumstances of the case and the reasons presented to the court at the time the request is denied." *Id.* at 281. In the context of a motion to continue that implicates a defendant's right to counsel of their choice, we consider whether the criminal defendant was given a reasonable opportunity to obtain counsel, whether defense counsel was given a reasonable amount of time to prepare for the defendant's trial, and that a criminal defendant has the right to present a defense at trial. *Id.* at 281-82. "If part of the delay before trial is attributable to the defendant's need to procure counsel, one of the facts that a court considers in assessing the reasonableness of a defendant's motion to postpone trial is whether the delay in obtaining counsel was the fault of the defendant." *Id.* at 281.

After reviewing the briefs and the record, we conclude that the trial court did not abuse its discretion when it denied defendant's motion for a continuance. The record shows that defendant had ample time—over two years—to retain counsel of his choice and that his current counsel was ready to proceed. The trial court rejected defendant's arguments that earlier motions to continue were not attributable to him. As explained by the trial court, "we've had five motions to continue," and the court acknowledged that defendant felt they could not be attributed to him specifically. However, the court ultimately concluded that, "in the end, legally they are. Because * * * it's defense counsel that has been requesting [the continuances]." The trial court went on to say, "I don't have a basis to * * * derail it at this, 11th, literally 11th-and-a-half hour hearing." The trial court concluded that defendant had not shown that his counsel was inadequate; that defendant had two years to retain new counsel, but he did not do so until just before trial was to begin; and that the state had an interest in the resolution of this case. We see no abuse of discretion on the record before us.

*Sentencing.* We also conclude that the trial court did not err in imposing the mandatory minimum sentence under ORS 137.700(2)(a)(H). We review the constitutionality of a mandatory minimum sentence for legal error. *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017). Here, we do not understand defendant's sentence to be so disproportionate "as to shock the moral sense of reasonable people." *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009) (internal quotation marks omitted). Our conclusion is informed by: "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes;" and (3) defendant's criminal history. *Id.*

First, defendant's conduct was grave in that he knowingly committed an act which resulted in the victim suffering a fractured skull. ORS 163.175(1)(a) ("A person commits the crime of assault in the second degree if the person intentionally or knowingly causes serious physical injury to another."). Second, we are unpersuaded that the sentence is disproportionate relative to other, related crimes. *See Rodriguez/Buck*, 347 Or at 63 ("In determining whether a penalty is 'proportioned' to the offense, it also is helpful to examine the penalties imposed for other, related crimes."); *State v. Shaw*, 233 Or App 427, 437, 225 P3d 855 (2010) (the defendant's comparison of his sentence for first-degree rape with penalties for intentional murder "invites this court to do exactly what the Supreme Court cautioned against in *Rodriguez/Buck*—that is, *** conduct an open-ended inquiry into the relative seriousness of unrelated criminal offenses"). In examining the sentences for other crimes enumerated in ORS 137.700, we note that none of them are less than 70 months, the length of defendant's sentence. *See, e.g.*, ORS 137.700(2)(a)(J) (70 months for kidnapping in the second degree); ORS 137.700(2)(a)(S) (70 months for robbery in the second degree); *see also State v. Gonzalez*, 373 Or 248, 255, 564 P3d 109 (2025) ("We will not second-guess the legislature's determination of penalties or range of penalties for a crime unless a punishment is so disproportionate that it shocks the moral sense of reasonable people."). Finally, defendant's criminal record does not persuade us that his sentence is disproportionate. Accordingly,

defendant's sentence does not "shock the sense moral of reasonable people." *Rodriguez/Buck*, 347 Or at 58.

Affirmed.